## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| DIANNA L. WOOD, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT   4:18-cv-02186 |
| SELECT PORTFOLIO SERVICING, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT

**NOW COMES** Dianna L. Wood ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Select Portfolio Servicing, Inc. ("Defendant" or "SPS") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and maintains significant business contacts in the Southern District of Texas.

## PARTIES

4.   Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant, Select Portfolio Servicing, Inc. ("SPS"), is a Utah corporation with its principal place of business located at 3815 South West Temple Salt Lake City, Utah 84115. SPS is a loan servicing company, creditor, lender, debt collector, furnisher of credit information, and servicer of mortgage loans across the country, qualified to do business in the State of Texas.

## FACTS SUPPORTING CAUSES OF ACTION

6.   Prior to the events giving rise to this cause of action, Plaintiff obtained a residential mortgage ("subject debt" or "subject loan").

7.   On or around November 2017, Plaintiff began receiving calls from Defendant to her cellular telephone number, (214) XXX-1154.

8.   Defendant placed multiple calls to Plaintiff to "remind" her of upcoming payments.

9.   At no time did Plaintiff default or make late payments, yet Defendant continued to harass Plaintiff with an overwhelming amount of phone calls.

10. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

11. Around December 2017, Plaintiff answered a call from Defendant and told Defendant to stop calling her.

12. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continued to call Plaintiff.

13. Notwithstanding Plaintiff's request that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed no less than 21 harassing phone calls to Plaintiff's cellular phone between December 2017 and the present day.

14. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

16. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

17. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling with such frequency as can be reasonably expected to harass.

19. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

20. The phone number that Defendant most often uses to contact Plaintiff is (801) 594-6000, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

## DAMAGES

21. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

22. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

23. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

24. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

29. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

30. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

31. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

32. Defendant violated the TCPA by placing no less than 21 phone calls to Plaintiff's cellular phone between December 2017 and the present day, using an ATDS without her prior consent.

33. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

34. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

35. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

36. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

37. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

38. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff DIANNA L. WOOD respectfully prays this Honorable Court for the following relief:

   a.  Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b.  Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c.  Awarding Plaintiff costs and reasonable attorney fees;
   d.  Enjoining Defendant from further contacting Plaintiff; and
   e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

42. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### a.  Violations of  TDCA § 391.302

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after she notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would not default on a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

45. Furthermore, Defendant relentlessly contacted Plaintiff multiple times. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

46. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff DIANNA L. WOOD respectfully requests that this Honorable Court:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.  Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

Award any other relief as the Honorable Court deems just and proper

**Plaintiff demands trial by jury.**


Dated: June 27, 2018                                  Respectfully Submitted,

                                                     /s/ Alexander J. Taylor
                                                     /s/ Marwan R. Daher
                                                     /s/ Omar T. Sulaiman
                                                     Alexander J. Taylor, Esq.
                                                     Marwan R. Daher, Esq.
                                                     Omar T. Sulaiman, Esq.
                                                     *Counsel for Plaintiff*
                                                     Sulaiman Law Group, Ltd
                                                     2500 S Highland Ave, Suite 200
                                                     Lombard, IL 60148
                                                     Telephone: (630) 575-8181
                                                     ataylor@sulaimanlaw.com
                                                     mdaher@sulaimanlaw.com
                                                     osulaiman@sulaimanlaw.com